HARDING O. WILSON, BY HIS NEXT FRIEND, LOUIS W. WILSON, AND LOUIS W. WILSON, PLAINTIFFS-RESPONDENTS, v. CHARLES J. CUSTER, DEFENDANT-APPELLANT.

EDWARD ANDERSON, BY HIS NEXT FRIEND, SAMUEL ANDERSON, AND SAMUEL ANDERSON, PLAINTIFFS-RESPONDENTS, v. CHARLES J. CUSTER, DEFENDANT-APPELLANT.

Submitted May 29, 1942—Decided September 18, 1942.

For the plaintiffs-respondents, *Quinn & Doremus* (*John J. Quinn*, of counsel).

For the defendant-appellant, *Lester C. Leonard*.

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. The infant plaintiffs, Harding O. Wilson and Edward Anderson, suffered personal injuries as a result of the alleged negligent operation of an automobile by the defendant, Charles J. Custer. Suit to recover for such injuries was instituted by their respective fathers for them, as next friends, and by the fathers, individually, for expenses and loss of services occasioned thereby. The jury

returned a verdict in favor of each infant plaintiff and also for their respective fathers. A rule to show cause was allowed why the amount of the verdict in each case should not be reduced and in each instance it was reduced and judgment entered for the amount of the several reduced verdicts.

In the appellant's brief three grounds of appeal are argued for a reversal of the judgments. The first challenges a portion of the court's charge to the jury; the second alleges that the trial judge abused his discretion in discharging the rule to show cause instead of granting a new trial in view of the fact that the court thought the verdicts were the result of "passion, prejudice or mistake;" and the third is that the trial court abused its discretion in "retaining and reducing two verdicts awarded to unidentified persons."

That part of the trial court's charge which is challenged as error is as follows:

"You can draw from it the inference that Harding O. Wilson memorized a story which is false in all its essential details. You can draw from it an inference that Harding O. Wilson, by repeating his story word for word is telling the truth. It is for you members of the jury to decide and determine what inference shall be drawn from that fact."

For a proper understanding of the point made by the appellant it is sufficient to say that the infant plaintiff Wilson in telling the detail of the facts and circumstances of the accident to the court and jury, recited it three times almost word for word—once on direct examination and twice on cross-examination. Counsel for the defendant, in cross-examining this witness, obviously recognized that the plaintiff's recital of the facts was each time repeated *verbatim*. Obviously he believes that the story was rehearsed and learned by heart. But this circumstance was a matter for the jury and it was for them to say what credence they thought it ought to have. We do not perceive how the instruction of the court in this particular can be said to be erroneous. No authority that is at all apt is cited to support counsel's argument that the learned trial judge erred in what he said to the jury on the matter. The appellant concedes that diligent

search has revealed "no reported authority specifically dealing with memorized testimony." We must assume that the incident of the word by word repetition on the part of Wilson was fully argued before the jury and we are in entire accord with the trial judge that the matter was something for the jury to consider. It was for the jury to appraise the witness' credibility, *i. e.*, to determine whether the witness had knowledge of what he told and whether he truthfully told what he knew. If the appellant had any other idea about the matter he did not submit it to the trial court in the form of a request to charge. We find no error here.

The appellant's second ground for reversal is that since the trial judge thought that the amount of the verdict was the result of passion, prejudice or mistake he should, instead of reducing the verdicts, have set them aside *in toto*. But as we read the record we are not convinced that the court took the view that a finding against the defendant was the result of passion, prejudice or mistake but rather that the amount of the award was excessive. At the beginning of the argument on the rule to show cause the trial judge said to counsel: "I will indicate to you, however, that I think the verdicts, each award, are clearly excessive, as a result of passion, prejudice or mistake. There is no doubt in my mind. That was my instantaneous reaction when the verdicts were rendered and I think you are going to have an awful job convincing me otherwise, but have it in mind." But when the court determined the matter he held that the verdicts were excessive, nothing more, and reduced them. This ground of appeal fails.

Under the third point it is said: "There is nothing whatever in the testimony to support the verdict of $2,500 in favor of Louis W. Wilson, individually, and for $1,000 in favor of Samuel Anderson." These were the respective fathers of the infants. What the appellant says in this respect is quite true. There was no evidence concerning the financial damages suffered by these fathers, nor was there proof of the likelihood of future loss. The individuals named were not even mentioned in the testimony as the fathers of the

boys and yet we think this point is unavailing to the appellant. We consider that it has been waived. In the normal course the question should have been raised by motion for nonsuit as to the fathers' claim or for direction of verdict. Doctors' bills were incurred for services rendered to these two boys and they are printed in the case as exhibits. The court mentioned these items of expense in the charge to the jury and yet no exception was taken to that portion of the charge. Even thereafter this question might have been raised in the reasons filed in support of the rule to show cause but it was not. On the argument of the rule to show cause appellant, in passing, said: "Nothing was heard about Louis W. Wilson throughout the trial * * * a most unusual thing." But it was merely a casual reference. At no time was the matter brought to the attention of the court during or at the conclusion of the trial. The bill for medical care was not disputed. The appellant did not call any medical witness. The appellant, under these circumstances, will be held to have waived the question he now argues. And, finally, there is nothing before us to review since no judicial action is challenged by objection and exception. The question of the absence or inadequacy of evidence to support a finding should be raised before the conclusion of the trial. An exception taken to an adverse ruling may then be assigned on appeal for error. *Cook* v. *D. Fullerton & Co.*, 121 *N. J. L.* 153; 1 *Atl. Rep.* (2d) 421, and cases cited therein.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 15.

*For reversal*—None.